# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY A. AUSTIN, | Case No. 1:20-cv-00180-NONE-SKO |
| Plaintiff, | |
| v. | **ORDER TRANSFERRING CASE** |
| STATE OF CALIFORNIA, SAN FRANCISCO SUPERIOR COURT, et al., | |
| Defendants. | |

On February 3, 2020, Plaintiff Gregory A. Austin, proceeding *pro se*, filed a complaint against Defendants "State of California, San Francisco Superior Court," and six judges of the San Francisco Superior Court, along with an application to proceed *in forma pauperis*. (Docs. 1, 2.) The complaint purports to petition for a writ of habeas corpus under 28 U.S.C. § 2254, but alleges claims related to a civil restraining order entered in "divorce proceedings" and does not allege that Plaintiff is incarcerated, on probation, or on parole, and thus it appears the case is properly designated as a regular civil action. (*See generally* Doc. 1.)

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

Plaintiff resides within this judicial district,[1] but is not in custody, and none of the Defendants reside in this district.[2] In addition, the claims in the complaint arose in connection with family court proceedings in San Francisco Superior Court, (*see* Doc. 1 at 1), which is located in the San Francisco Division of the Northern District of California. Therefore, Plaintiff's suit should have been filed in the United States District Court for the Northern District of California, San Francisco Division. In the interest of justice, a federal court may transfer a complaint filed in the wrong district to the correct district. *See* 28 U.S.C. § 1406(a); *Park v. Dole Fresh Vegetables, Inc.*, 964 F. Supp. 2d 1088, 1092–93 (N.D. Cal. 2013).

Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States District Court for the Northern District of California, San Francisco Division.[3]

IT IS SO ORDERED.

Dated: **February 5, 2020**         /s/ *Sheila K. Oberto*
                            UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff lists his address as 824 E. Swift, Fresno, California 93704. (*See* Doc. 1 at 1.)
[2] Each of the Defendants are in San Francisco, California. (*See* Doc. 1 at 1.)
[3] In view of the transfer, this Court has not ruled on Plaintiff's request to proceed *in forma pauperis* (Doc. 2).